UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEREK CUAYA p/p/a LAUDY PINEDA, and LAUDY PINEDA, *Plaintiffs*, v. HENRIQUE COMPERE a/k/a HENRIQUEZ COMPERE, ROBERT KIZER, and FIRST STUDENT, INC., *Defendants*. | No. 3:23-cv-01214 (JAM) |

**ORDER GRANTING MOTION TO REMAND TO STATE COURT**

The federal removal statute bars a defendant from relying on federal diversity jurisdiction to remove a state court action to federal court if any of the defendants are citizens of the State where the action has been brought. *See* 28 U.S.C. § 1441(b)(2). This rule is known as the "forum defendant" rule.

The defendants in this personal injury case removed a Connecticut state court action to this Court, contending that this Court has diversity jurisdiction despite the fact that two of the three defendants are citizens of Connecticut. Relying on the forum defendant rule, the plaintiffs filed a motion to remand to Connecticut state court.

The defendants, however, object to remand, arguing that under the doctrine of "fraudulent joinder" the two Connecticut defendants have been improperly named and joined as defendants. They argue that the two Connecticut defendants cannot be personally liable to the plaintiffs because their alleged acts of negligence occurred within the scope of their corporate employment. But, as I explain at length below, this argument ignores controlling law as repeatedly stated by the Connecticut Supreme Court.

1

Accordingly, I will grant the plaintiffs' motion to remand on the ground that the forum defendant rule applies and on the ground that the two Connecticut defendants have not been fraudulently joined as defendants in this action. I will also award fees and costs to the plaintiffs because it is clear that the defendants did not have objectively reasonable grounds to remove this action in the first place.

## BACKGROUND

This action arises from alleged injuries to a child—Derek Cuaya—while he was riding to school one morning in a school bus in Stamford, Connecticut.[1] Derek was in the bus in a wheelchair, and he claims that during the bus ride he fell from his seat and fractured his femur among other injuries.[2]

Derek and his mother—who are now citizens of New York—have filed this lawsuit against three defendants: the school bus company (First Student, Inc.), the bus driver (Henrique Compere), and the bus monitor (Robert Kizer) who was inside the bus when Derek was injured.[3] The complaint alleges that the defendants were negligent because they drove the bus too fast and because Derek was not properly secured in his wheelchair within the bus.[4] It further alleges that the defendants continued to act negligently after Derek fell from his seat by failing to ascertain the severity of Derek's injuries, by placing him back in his wheelchair without proper medical training, by returning him to his mother at his home rather than seeking emergency medical

---

[1] Doc. #1-2 at 1 (¶ 1).
[2] *Id.* at 1-3 (¶¶ 4-6); Doc. #14 at 2 (defendants' statement that Derek "slid out of his wheelchair and onto the floor, suffering a fractured left femur and other physical injuries"); Doc. #16 at 4 (statement of undisputed facts as recited in the parties' Rule 26(f) report).
[3] Doc. #1-2 at 1 (¶¶ 1-2); Doc. #14 at 2 (defendants' statement that Compere was the "bus driver" and that Kizer was the "bus monitor").
[4] Doc. #1-2 at 2 (¶ 5(a)-(c), (e)-(i), (r)-(t)). The complaint repeats many of the same allegations within individual counts and then again across different counts; the citations here are not exhaustive but merely to particular examples of the negligent misconduct alleged.

assistance immediately, and by misrepresenting to his mother the severity of the incident and Derek's injuries.[5]

The first two counts of the complaint allege individual negligence claims on behalf of Derek against both Compere and Kizer.[6] The next two counts allege that First Student negligently failed to train, manage, and supervise Compere and Kizer and also that First Student is liable in *respondeat superior* for the negligence of Compere and Kizer.[7] The remaining four counts of the complaint allege claims for emotional distress against the three defendants on behalf of Derek's mother.[8]

The complaint was first filed in Connecticut state court.[9] But then the defendants filed a notice of removal to remove the action to this Court.[10] The plaintiffs in turn have timely filed a motion to remand, and the defendants have objected to the motion.[11]

## DISCUSSION

Federal law generally allows a defendant who has been sued in state court to "remove" the action to a federal court if the federal court would have had "original jurisdiction" over the dispute if it had been filed in federal court in the first place. *See* 28 U.S.C. § 1441(a). One of the grounds for "original jurisdiction" of a federal court is federal diversity jurisdiction—that is, if there is an amount in controversy of more than $75,000 and if the parties are completely

---

[5] *Id.* at 2-3 (¶ 5(d), (j)-(q)).
[6] *Id.* at 1-6 (Counts One and Two).
[7] *Id.* at 6-10 (Counts Three and Four).
[8] *Id.* at 10-11 (Counts Five through Eight).
[9] Doc. #1 at 3 (¶ 4(a)).
[10] Doc. #1.
[11] Docs. #13, #14.

"diverse" in terms of their States of citizenship (*i.e.*, no plaintiff is a citizen of the same State as any defendant). *See* 28 U.S.C. § 1332(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

No one here disputes that the amount in controversy is more than $75,000 and that there is complete diversity between the parties.[12] But, according to the plaintiffs' motion to remand, the defendants' removal was nonetheless improper because of what is known as the "forum defendant" rule. The forum defendant rule derives from the removal statute and expressly bars a defendant from removing a case on the basis of federal diversity jurisdiction if any of the defendants are from the same forum State where the action has been brought. *See* 28 U.S.C. § 1441(b)(2); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704-05 (2d Cir. 2019).[13]

The defendants do not dispute the general validity of the forum defendant rule.[14] Instead, they contend that Compere and Kizer were not "properly joined" as defendants as required under the forum defendant rule. *See* 28 U.S.C. § 1441(b)(2).[15] In particular, they invoke the doctrine of "fraudulent joinder"—a doctrine that is meant to prevent a plaintiff from pretextually naming non-diverse parties as defendants in a state court complaint in order to defeat a defendant's right to remove the action to federal court. *See Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011).

---

[12] More specifically, notwithstanding the allegations of the complaint concerning their prior residence in Connecticut, the two plaintiffs—Derek and his mother—were citizens of New York at the time that the complaint was filed. Doc. #1 at 3 (¶ 4(b)). First Student was a citizen of Delaware where it is incorporated and of Ohio where it has its principal place of business. *Ibid.* (¶ 4(e)). And Compere and Kizer were citizens of Connecticut. *Ibid.* (¶ 4(c)-(d)).

[13] "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

[14] Doc. #14 at 3 ("The Plaintiffs are correct in stating that the forum defendant rule allows for a case to be remanded to state court, even if the requirements for diversity jurisdiction have been met.").

[15] The forum defendant provision requires not only that the defendants have been "properly joined" but also that they have been "served." In *Gibbons*, the Second Circuit ruled that the forum defendant rule is inapplicable if the forum defendant has not yet been served with process. *See* 919 F.3d at 705-707. Here, however, the defendants' notice of removal states that all the defendants were served with the state court action. *See* Doc. #1 at 3 (¶ 4(a)).

In order to protect the right of a defendant to properly remove a state court case to federal court, the doctrine of fraudulent joinder requires a federal court to evaluate whether, as a matter of law, a plaintiff's state court complaint alleges plausible grounds for relief against a defendant like Compere or Kizer whose presence would otherwise destroy diversity. A defendant who claims fraudulent joinder must prove that "from the pleadings there is *no possibility* that the claims against that [non-diverse] defendant could be asserted in state court." *Ibid.* (emphasis added). And "[t]he defendant bears the heavy burden of proving the circumstances by clear and convincing evidence, with all factual and legal ambiguities resolved in favor of plaintiff." *Ibid.*

According to the defendants, the doctrine of fraudulent joinder applies here because "[t]he Plaintiffs do not seek personal liability on the part of the employee defendants [Compere and Kizer]."[16] But that claim is a clear mischaracterization of the complaint. The first two counts of the complaint expressly allege individual negligence claims directly against both Compere and Kizer.[17]

The defendants further argue that—as a matter of law—there is no possibility that Compere and Kizer could be held personally liable. According to the defendants, "the Plaintiffs have no cause of action against Defendants Kizer and Compere *personally*," and "such personal liability is not even possible given their status as rank and file employees of First Student acting in the course and scope of that employment."[18] The defendants maintain that "[w]hile the Plaintiffs certainly have a valid vicarious liability claim against First Student for the alleged negligence of its employees, Compere and Kizer, there is no possibility that the Plaintiffs could

---

[16] Doc #14 at 3.
[17] Doc. #1-2 at 1-6 (Counts One and Two); *see also id.* at 10-11 (Counts Five and Six alleging emotional distress claims by Derek's mother directly against Compere and Kizer).
[18] Doc #14 at 2, 3 (emphasis in original).

succeed in a claim against Compere or Kizer personally under Connecticut law with facts as alleged in the Complaint," and that "[t]o permit personal liability on the part of a rank and file employee such as Mr. Compere or Mr. Kizer would be anathema to current tort practice as well as public policy."[19] Thus, according to the defendants, "[t]here is simply nothing alleged in the Plaintiffs' complaint that would take this case out of the mainstream of tort cases in Connecticut, where an everyday, non-managerial employee is not personally liable for negligent acts or omissions that occur in the course and scope of that employee's job duties and responsibilities."[20]

The defendants, however, do not cite any case law or authority for the proposition that under Connecticut law an employee may not be individually liable in negligence for acts done in the course of the employee's duties for an employer. Indeed, they cannot do so because the Connecticut Supreme Court has conclusively rejected the defendants' argument.

Nearly fifty years ago, the Connecticut Supreme Court addressed the same argument by an individual defendant who was sued along with his construction company for negligence with respect to the construction of a new home and driveway. *See Scribner v. O'Brien, Inc.*, 169 Conn. 389, 390-91 (1975). In response to the argument that "the trial court erred in finding the [individual] defendant O'Brien individually liable to the plaintiffs," the Connecticut Supreme Court cited evidence "that O'Brien was present at the property on a daily basis, that he undertook to supervise the construction, and that he failed to act with reasonable care in that undertaking," so that "[w]hether O'Brien was acting in his individual capacity *or as an officer and agent of the named defendant*, he is still liable to the plaintiffs for his participation in the negligence

---

[19] *Id.* at 5-6.
[20] *Id.* at 6.

complained of." *Id.* at 403-04 (emphasis added). The Connecticut Supreme Court stated the controlling legal rule as follows: where "an agent or officer commits or participates in the commission of a tort, *whether or not he acts on behalf of his principal or corporation*, he is liable to third persons injured thereby." *Id.* at 404 (emphasis added)

The Connecticut Supreme Court's statement of this rule in *Scribner* is no surprise or outlier. It is the general hornbook rule that "[a]n agent is subject to liability to a third party harmed by the agent's tortious conduct" and that "[u]nless an applicable statute provides otherwise, *an actor remains subject to liability although the actor acts as an agent or an employee*, with actual or apparent authority, *or within the scope of employment*." RESTATEMENT (THIRD) OF AGENCY, § 7.01 (2006) (emphasis added).[21]

Moreover, in the nearly fifty years since *Scribner* was decided, the Connecticut Supreme Court has repeatedly recited and re-affirmed its rule in the course of rejecting arguments by defendants that—notwithstanding their acts of personal involvement—they could not be individually liable for various torts beyond negligence if they acted on behalf of a corporate employer or principal. *See Joseph Gen. Contracting, Inc. v. Couto*, 317 Conn. 565, 583-93 (2015) (individual liability for violation of the Connecticut Unfair Trade Practices Act); *Coppola Const. Co. v. Hoffman Enterprises Ltd. P'ship*, 309 Conn. 342, 354-358 (2013) (individual liability for tort of negligent misrepresentation); *Ventres v. Goodspeed Airport, LLC*, 275 Conn. 105, 142-46 (2005) (individual liability for tort of intentional trespass); *Maturo v. Gerard*, 196 Conn. 584, 588-89 (1985) (individual liability for tort of fraudulent misrepresentation).

---

[21] The defendants do not cite any statute that immunizes bus drivers and bus monitors from a claim of individual negligence if they are acting in the course of employment for a school bus company.

The defendants argue that, because the plaintiffs seek to hold First Student vicariously liable, this means that Compere and Kizer cannot also be liable. But "[i]t is black letter law that an officer of a corporation who commits a tort is personally liable to the victim regardless of whether the corporation itself is liable." *See Kilduff v. Adams, Inc.*, 219 Conn. 314, 331–32 (1991).[22]

To the same effect, federal courts have repeatedly cited *Scribner* to reject baseless arguments—like the one made by the defendants here—that the doctrine of fraudulent joinder prevents a federal court from remanding an action to state court because of a plaintiff's naming of individual forum defendants who acted negligently in their course of employment for an out-of-state corporate defendant. *See, e.g., Sweeting v. Dollar Tree Stores, Inc.*, 2023 WL 4043918, at *5 (D. Conn. 2023); *Marr v. Mercedes-Benz USA, LLC*, 2020 WL 1891630, at *2 (D. Conn. 2020) (citing cases); *Reynolds v. Dollar Tree Distribution, Inc.*, 2020 WL 1129909, at *3 (D. Conn. 2020) (citing cases).

It could be argued that *Scribner* and progeny are distinguishable to the extent that some of the cases involved officers of companies rather than mere agents or employees. But the defendants have failed to make any such argument. And any such argument would conflict with the general rule of individual tort liability as recognized above in the Restatement (Third) of Agency that extends not just to corporate officers but to any agent or employee of a company.

---

[22] The one Connecticut Supreme Court case cited by the defendants concerning the scope of a company's vicarious liability says nothing about whether a finding that a company is vicariously liable for its employee's misconduct means that the employee is immune from personal liability. *See Lopez v. William Raveis Real Estate Inc.*, 343 Conn. 31, 57-58 (2022). To the contrary, the Connecticut Supreme Court reversed the trial court's judgment that exonerated the individual and directed entry of judgment against *both* the individual and the real estate company. *Id.* at 61.

Nor would any such argument make sense. It would mean that a school bus driver who works for a school bus company enjoys immunity from personal liability if she decides to text her friends while driving and as a result kills young children because she drives the bus off the road. Or it would mean that a nurse who works for a corporate hospital enjoys immunity from personal tort liability if he decides to pay no attention to the drugs that he injects into a patient and then accidentally kills the patient with cyanide.

The law of Connecticut—as articulated by the Supreme Court of Connecticut—is clear that an individual defendant may be personally liable for negligence or other torts even if the individual defendant acted negligently or tortiously within the scope of corporate employment and even if the corporate defendant may be vicariously liable as well. The defendants' contrary argument finds no support at all in "the mainstream of tort cases in Connecticut" or in "current tort practice" or in "public policy" as the defendants inexplicably and indefensibly claim.[23]

In short, because the defendants have failed to carry their burden to show that there is "no possibility" that Compere and Kizer may be individually liable to the plaintiffs in this action, they have failed to show that Compere and Kizer were fraudulently joined as defendants in this action. And having failed to carry their burden to show fraudulent joinder, they have no grounds to dispute that their removal of this action was improper under the forum defendant rule.[24] Therefore, I will grant the plaintiffs' motion to remand this action to state court.

---

[23] Doc. #14 at 6.

[24] The defendants argue in passing that "the presence of Compere and Kizer as actual party defendants in this action constitutes *misjoinder* of those parties under FED.R.CIV.P. 21 and Section 52-108 of the Connecticut General Statutes." Doc. #14 at 4 (emphasis added). Courts have acknowledged a distinction between claims of "fraudulent joinder" and "fraudulent misjoinder." *See V.V. v. Meta Platforms, Inc.*, 2023 WL 3613232, at *5 (D. Conn. 2023) (noting how the doctrine of "fraudulent joinder considers whether the claims against the non-diverse defendant are substantively plausible," while the doctrine of "fraudulent misjoinder, sometimes called 'procedural misjoinder,' considers whether the claims against a diverse defendant could proceed in the same action with claims against a non-diverse defendant, as a matter of permissive joinder under the relevant procedural rule"). But the defendants here do nothing to explain how they were procedurally misjoined under the principles of Rule 21 or Conn. Gen. Stat.

*Award of fees and costs*

The plaintiffs request an award of attorney fees and costs for their litigation of the motion to remand. The removal statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

As the United States Supreme Court has recognized, "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005). That is why federal courts are not defenseless against improper removal and delay tactics. A federal court may assess fees and costs against a clueless defendant who improperly removes a case without bothering to conduct a reasoned evaluation of whether there are genuinely proper grounds to do so. Alternatively, a federal court may assess fees and costs against a vexatious defendant who knows there are no proper grounds for removal but who nonetheless decides to plunge ahead with removing a case in hopes of delaying the litigation and imposing costs and inconvenience on an injured or financially burdened plaintiff.

The Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. "A removal motion is 'objectively unreasonable' when it seeks to remove on a basis contravened by 'well established' law." *Rzasa v. BJ's Rests., Inc.*, 2023 WL 3860457, at *2 (D. Conn. 2023) (quoting *Calabro v. Aniqa Halal*

---

§ 52-108. The defendants have failed to adequately argue and preserve any claim of fraudulent misjoinder, as distinct from fraudulent joinder. In any event, given the close factual connection and overlap between the plaintiffs' claims against the individual defendants and First Student, they have no tenable argument that all three defendants were not properly procedurally joined in a single lawsuit rather than multiple lawsuits.

*Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011)). For all the reasons detailed above, I have little difficulty concluding that the defendants lacked an objectively reasonable basis to remove this action, much less to oppose the plaintiffs' motion to remand.

The defendants filed a notice of removal in clear contravention of the forum defendant rule (a rule that appears on the face of the removal statute). Objectively reasonable and competent counsel would have read the statute and understood that the forum defendant rule applied. A minimal amount of legal research would have dispelled any notion that the forum defendant rule could be sidestepped by resorting to the doctrine of fraudulent joinder. *See Calabro*, 650 F.3d at 166 (affirming award of costs under § 1447(c) where defendants improperly removed an action in contravention of the "well established [rule] that a defendant may not evade [the well-pleaded complaint] rule by raising a federal question in its responsive pleadings and then attempting to remove on that basis").

Yet the defendants filed a notice of removal anyways. Their notice of removal made no mention of the forum defendant rule or why removal was proper despite the forum defendant rule. This might suggest an oversight—that the defendants did not yet realize that the removal was improper under the forum defendant rule. Or it might suggest vexatiousness—that the defendants knew about the forum defendant problem but hoped by saying nothing that the plaintiffs would not notice. But notice they did, and the plaintiffs filed a motion to remand citing the forum defendant rule.

What should have happened then? At that point, having been expressly advised of the forum defendant rule, the defendants should have acknowledged their obvious error and consented to a remand. If a lawyer makes a mistake that is pointed out by opposing counsel, the

11

lawyer's duty is to try to correct the mistake in good faith rather than to double down and compound the error at the expense of the opposing party and the court system in general.

Lawyers also have a duty to reasonably expedite litigation. *See* Conn. R. Prof. Cond. 3.2. As the commentary to this rule explains, "[d]ilatory practices bring the administration of justice into disrepute," and "[r]ealizing financial or other benefit from otherwise improper delay in litigation is not a legitimate interest of the client." *Ibid.* cmt. After the plaintiffs raised the forum defendant rule as grounds for remand, a reasonably competent lawyer of sound professional judgment would have understood that there was no proper basis for removal and consented to remand without further delay.

Instead, however, the defendants cast about for some theory to stay in federal court. And they settled on a fatuous theory of fraudulent joinder. It is not simply that there was a *lack* of authority to support their argument for fraudulent joinder. It is that there was a *mountain* of contrary controlling authority as detailed in this ruling. The defendants ignored all of this and filed a brief replete with vague and false statements about the law.

The duty of a lawyer to zealously represent one's clients is not without its limits. Lawyers are not at liberty to press self-serving, fairytale versions of the law that ignore controlling statutes and precedent. If a lawyer actually knows about controlling law, then the lawyer must not misrepresent the state of the law and must cite the controlling law to the Court. *See* Conn. R. Prof. Cond. 3.3(a)(1)-(2). On the other hand, if a lawyer does *not* know about the controlling law, then the lawyer's lack of research may have violated the basic duty of competence. *See* Conn. R.

Prof. Cond. 1.1. cmt. This possibility ripens to a near certainty if the controlling law has been declared time and again over decades of precedent.[25]

The defendants objected to the plaintiffs' motion to remand on the basis of an argument about the law that is precluded by the Connecticut Supreme Court's decisions in *Scribner* and its progeny. Even if the defendants were somehow ignorant of the true state of the law when they researched and filed their objection to the motion to remand, the plaintiffs then filed a reply that cited and discussed *Scribner*.[26]

Yet still the defendants have not withdrawn their objection despite plenty of time to do so. Instead, they have needlessly prompted this ruling and the award of sanctions against them.

## CONCLUSION

For the reasons set forth above, the Court GRANTS the plaintiffs' motion to remand this action to state court (Doc. #13). Because the defendants lacked an objectively reasonable basis to remove this action to federal court, the Court also awards the plaintiffs attorney's fees and costs incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c). The plaintiffs' counsel may file an affidavit itemizing such fees and costs by **December 11, 2023**. If the defendants wish to

---

[25] I note as well that counsel for the defendants has appeared for defendants in two prior cases in this District that have rejected the proposition that individual employees were fraudulently joined as defendants for their own acts of negligence taken in the course of their work for corporate employers. *See Patafil v. Walmart, Inc.*, 2021 WL 5480712, at *2-3 (D. Conn. 2021); *Szewczyk v. Wal-Mart Stores, Inc.*, 2009 WL 3418232, at *2-4 (D. Conn. 2009).
[26] Doc. #15 at 2.

dispute the plaintiffs' calculation of fees and costs, they may file an objection to the calculation by **December 15, 2023**, and the plaintiffs may file any reply by **December 20, 2023**.

The Clerk of Court shall close this case and REMAND the action in accordance with D. Conn. L.R. 83.7 to the Connecticut Superior Court, Judicial District of Stamford/Norwalk at Stamford.

It is so ordered.

Dated at New Haven this 28th day of November 2023.

                                                /s/ *Jeffrey Alker Meyer*
                                                Jeffrey Alker Meyer
                                                United States District Judge